**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Dwight A. Littles, Jr., | ) | |
| | ) | Civil Action No.: 1:17-cv-03360-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| County of Williamsburg Detention | ) | |
| Center; Nadia Pressley; Stephen Gardner; | ) | |
| Williamsburg Sheriff's Office; Verney | ) | |
| Cumbee; and Ofc. Pamela J. Wrenn, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of Magistrate Judge Shiva V. Hodges' ("Magistrate Judge") Report and Recommendation ("Report") filed on January 1, 2018 (ECF No. 12). The Report addresses Plaintiff Dwight A. Littles' Complaint brought pursuant to 42 U.S.C. § 1983 and recommends that the court dismiss the action without prejudice and without issuance and service of process. (ECF No. 12 at 1.) For the reasons stated herein, the court **ACCEPTS** the Report and **DISMISSES** Plaintiff's Complaint without prejudice and without issuance and service of process.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (*Id.*) As brief background, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Complaint on December 13, 2017. (ECF No. 1.) Pursuant to 42 U.S.C. § 1983, Plaintiff alleged that his constitutional rights were violated by Defendants because he was assaulted, discriminated against, denied medical treatment, and the victim of false testimony. (*Id.*

at 3-4.) On January 24, 2018, the Magistrate Judge issued a Report and recommended the dismissal of Plaintiff's Complaint. (ECF No. 12 at 6.) The Report found that Plaintiff's Complaint lacks sufficient allegations against Nadia Pressley, Stephen Gardner, and Verney Cumbee; the Williamsburg County Sheriff's Office is protected by sovereign immunity; Wrenn is protected by witness immunity; and the Williamsburg County Detention Center is not a "person" for purposes of 42 U.S.C. § 1983. (*Id.* at 3-6.) On that same day, Plaintiff was advised of the opportunity to file a specific, written objection to the Report. (*Id.* at 7.) Plaintiff filed an Objection on February 8, 2018. (ECF No. 14.) Defendants did not reply to the Report or Objection.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Objections to a Report must identify specific findings of the Report and state the basis for objecting to those findings. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the fact of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72

advisory committee's note). Failure to timely file a specific, written objection to a Report will result in a waiver of the right to appeal from an order based upon a Report. 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 845-47 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If a party fails to properly object because the objection lacks the requisite specificity, then *de novo* review by the court is not required. *See Suttles v. Chater*, No. 96-2138, 1997 WL 76900, at *1 (holding that "general, non-specific objections" are not sufficient when objecting to a magistrate judge's recommendation) (citing *Howard v. Secretary*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1985)).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. 1997).

### III. DISCUSSION

In the absence of *specific* objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Aside from repeating previous allegations, Plaintiff's Objection states: "I do object [to] the recommendation." (ECF No. 14 at 1.) This is a general objection that is insufficient for the court to make a *de novo* determination. *Suttles*, 1997 WL 76900, at *1. Therefore, the court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies

it to the instant case. (ECF No. 12 at 3-6.) Since no *specific* objections were filed by either party, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 12) and incorporates it herein. The court **DISMISSES** Plaintiff's Complaint without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

August 22, 2018
Columbia, South Carolina